# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anthony Fagan,<br><br>Plaintiff,<br><br>v.<br><br>Elwyn Inc. and Ben Dourte,<br><br>Defendant. | **CIVIL ACTION**<br><br>**NO. 17-393** |

## MEMORANDUM RE: MOTION TO DISMISS

**Baylson, J.**                                                                                                      **August 11, 2017**

## I. Introduction

In this case, Plaintiff Anthony Fagan ("Mr. Fagan" or "Plaintiff") alleges that he was wrongfully terminated by his employer, Defendant Elwyn ("Elwyn") and his direct supervisor, Defendant Ben Dourte ("Mr. Dourte") (together "Defendants"). In his Complaint, Plaintiff advances five claims:

- Count I: FMLA Claim for Interference
- Count II: FMLA Claim for Discrimination
- Count III: FMLA Claim for Retaliation
- Count IV: PHRA Claim for Race Discrimination
- Count V: PHRA Claim for Disability Discrimination

Pending before the Court is Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, in which Defendants seek dismissal of Counts I, II and V of Plaintiff's Complaint. For the reasons discussed below, Defendants' motion is granted in part and denied in part without prejudice.

## II. Background

Taking Plaintiff's allegations as true, as is required at this stage, the factual background is as follows. Mr. Fagan, an African American man, worked for Defendant Elwyn as a Program Specialist from April 2002 to August 2015. ECF 1, Compl. ¶ 1. Mr. Fagan's direct supervisor was Mr. Dourte. Compl. ¶ 1. Throughout Mr. Fagan's employment, he observed Mr. Dourte's hostile treatment of African Americans. Compl. ¶ 9. Mr. Dourte accused Plaintiff of stealing his property, disparately applied company policies, and showed diminished respect overall to both the Plaintiff and other African Americans. Compl. ¶ 9.

In July of 2015, Plaintiff applied and was approved for a leave of absence under the Family Medical Leave Act ("FMLA") for a serious health condition related to stress. Compl. ¶¶ 10-11. Prior to Plaintiff's leave, Mr. Dourte questioned Plaintiff as to the reason for the leave of absence and warned him not to abuse it. Compl. ¶¶ 12, 14. Plaintiff was on leave from July 11, 2015 to July 22, 2015 and was terminated a few weeks after returning back to work. Compl. ¶¶ 10, 16. Plaintiff alleges that Defendants were aware that he applied and/or intended to apply to take intermittent FMLA leave through the end of 2015. Compl. ¶ 23. Further, Defendants replaced Mr. Fagan with a non-African American individual who had not taken FMLA leave. Compl. ¶ 20.

## III. Procedural History

Plaintiff filed this case on January 27, 2017. (ECF 1). Defendants filed a Partial Motion to Dismiss for Failure to State a Claim on March 15, 2017. (ECF 8). Plaintiff responded on March 29, 2017. (ECF 9). Defendants filed a reply on April 12, 2017. (ECF 12).

**IV. Legal Standard**

A motion to dismiss for failure to state a claim tests the sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). In evaluating a motion to dismiss, the court must view factual allegations in a light most favorable to the plaintiff, drawing all reasonable inferences therefrom. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The United States Supreme Court has established a two-part test to determine whether to grant a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). First, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. In turn, these factual allegations must be sufficient to provide a defendant the type of notice contemplated in Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing the pleader is entitled to relief); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

Taking the well-pleaded facts as true, the court must then determine whether the plaintiff is "plausibly" entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). That is, the pleadings must contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679. In short, a complaint must not only allege entitlement to relief, but must also demonstrate such entitlement with sufficient facts to push the claim "across the line from conceivable to plausible." Id. at 683; accord Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

**V. Discussion**

Defendants move to dismiss Plaintiff's interference and discrimination claims under the FMLA, arguing that Plaintiff's allegations are insufficient to state a claim under federal law. ECF 8, Defs.' Mot. at 7-9. Additionally, Defendants move to dismiss Plaintiff's disability discrimination claim under PHRA. Defs.' Mot. at 9.

**A. FMLA Interference**

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise," an employee's FMLA rights. Campbell v. Jefferson Univ. Physicians, 22 F. Supp. 3d 478, 486 (E.D. Pa. 2014) (quoting 29 U.S.C. §2615(a)(1)). To state a claim for interference under the FMLA, a plaintiff must allege: (1) plaintiff was an eligible employee under the FMLA; (2) defendant was an employer subject to the FMLA's requirements; (3) plaintiff was entitled to FMLA leave; (4) plaintiff gave notice to defendant of their intention to take FMLA leave; and (5) plaintiff was denied benefits to which they were entitled under the FMLA. Innella v. Lenape Valley Found., 152 F. Supp. 3d 445, 461-462 (E.D. Pa. 2015) (Baylson, J.).

A liberal standard is used to evaluate if the notice provided by the employee is sufficient to entitle the employee to FMLA benefits. Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398 at 402 (3d Cir. 2007). "In order to benefit from the protections of the statute, an employee must provide his employer with enough information to show that he *may* need FMLA." Id. at 402-403 (quoting Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005)). An employee may have a claim for interference if he or she requested FMLA leave and were subsequently terminated. Erdman v. Nationwide Ins. Co., 582 F.3d 500, 509 (3d Cir. 2009).

Defendants argue Mr. Fagan was not denied benefits to which he was entitled to under the FMLA, and that an FMLA interference claim does not exist where a plaintiff takes and completes FMLA leave and is subsequently fired. Defs.' Mot. at 7-8. Plaintiff responds that his allegations are sufficient because the claim arises from Mr. Fagan's intended second intermittent FMLA leave, not the leave he completed from July 11 to July 22. ECF 9, Pl.'s Resp. at 4. Plaintiff alleges Elwyn was aware that Mr. Fagan had applied and/or intended to apply for intermittent FMLA leave through 2015. Id. Further, it is the Plaintiff's position that Mr. Dourte's "threat" of "you better not be abusing it [the FMLA leave]" also speaks to interference. Id.

Plaintiff's allegations are sufficient to state a claim for interference under the FMLA. At issue is whether or not the Plaintiff gave the required notice to Defendant Elwyn of his intention to take FMLA leave and if Plaintiff was then denied FMLA benefits to which he was entitled. In viewing the facts alleged in a light most favorable to the Plaintiff, Defendant Elwyn's awareness of Mr. Fagan's application and/or intent to apply for intermittent FMLA leave is sufficient to meet the notice requirement of the FMLA. Therefore, Plaintiff would have been entitled to FMLA benefits and his subsequent termination would allow for the possibility of recovery under a theory of interference. See Brooks v. Valley Day School, No. 14-5506, 2015 WL 3444279, at *5 (E.D. Pa. May 28, 2015) (denying defendant's motion to dismiss an FMLA interference claim where employee informed employer of continued health problems after returning from FMLA leave and employer subsequently terminated employee) (citing Erdman, 582 F.3d at 509 (3d Cir. 2009)).

**B. FMLA Discrimination**

Plaintiff concedes that he has not stated an FMLA Discrimination Claim.  Pl.'s Resp. at 2.  The Motion to Dismiss Count II is granted without prejudice.

**C. PHRA Disability Discrimination**

Under the PHRA, a disability is established by showing "an actual mental or physical impairment that substantially limits one or more major life activities."  McGlone v. Phila. Gas Works, No. 15-3262, 2017 WL 659926, at *5 (E.D. Pa. Jan. 19, 2017) (Baylson, J.) (quoting Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 274 (3d Cir. 2012)).  For a disability to be considered "substantially limiting" the plaintiff must be:

1. "Unable to perform a major life activity that the average person in the general population can perform; or"

2. "Significantly restricted as to the condition, manner, and duration under which [he] can perform a particular major life activity as compared to the condition, manner, and duration under which the average person in the general population can perform that same major life activity."

Szarawara v. Cty. of Montgomery, No. 12-5714, 2013 WL 3230691, at *5 (E.D. Pa. June 27, 2013) (Baylson, J.) (quoting Mondzelewski v. Pathmark Stores, 162 F.3d 778, 782 (3d Cir. 1998)).

Where a plaintiff alleges a disability due to inability to perform the major life activity of working, he or she must demonstrate they are "unable to work in either a class of jobs or a broad range of jobs in various classes."  Cave v. Potter, No. 10-2577, 2011 WL 4101501, at *6 (E.D. Pa. Sep. 8, 2011).  The inability to perform one specific job is not sufficient.  Id.  Alternatively, a plaintiff may claim disability discrimination under the PHRA if the employee was "regarded as"

disabled by the employer. Macfarlan, 675 F.3d at 274.  To state a claim under this avenue, "the plaintiff must demonstrate that the employer believed that a wholly unimpaired plaintiff had an impairment that substantially limited at least one major life activity or that the employer believed an employee's actual impairment to limit major life activities when it in fact did not."  Id.

Plaintiff's allegations are insufficient to state a claim for disability discrimination under the PHRA.  Plaintiff has not alleged any facts that would support he is disabled or "regarded as" disabled.  Mr. Fagan only alleges that he was unable to work *his* job.  Pl.'s Resp. at 5.  While the case law is supportive that this is a "limitation," the facts alleged do not allow the court to make a reasonable inference that he is unable to perform "a class of jobs or a broad range of jobs in various classes." Because the same standard applies for being "regarded as" disabled for a PHRA claim, this too fails.  See Cave, 2011 WL 4101501, at *7-8 (granting defendant's motion to dismiss in the absence of any indication employer perceived employee unable to work a broad range of jobs).

## VI. Conclusion

An appropriate order follows.


O:\CIVIL 17\17-393 Fagan v Elwyn\Memo - MTD.docx

7